## No. 9.

### SARA J. HANDY AND HUSBAND *v.* R. E. RIVERS.

Hotels or innkeepers under Civil Code Article 2969 are relieved from liability for loss incurred by theft of articles of jewelry or precious stones, etc., where not deposited by guests in iron safe provided for that purpose under Civil Code Article 2968.

This rule does not obtain where the articles of jewelry stolen are ·a wearing watch or other articles of jewelry ordinarily worn about the person and where the loss was not occasioned nor contributed to by the negligence of the guests.

*Appealed from Fourth District Court, Parish of Orleans.*

*J. O. Nixon, Jr., Frank McGloin,* attorneys for plaintiff, appellee.

*Sam'l R. & C. L. Walker,* attorneys for defendant, appellant.

His Honor Judge Frank McGloin having recused himself, he having been of counsel in the case, James McConnell, Esq.,

Attorney at Law, acting as judge *ad hoc*, delivered the opinion of the court in the words and figures following, to wit;

This action is brought to recover the value of certain articles of jewelry, alleged to have been stolen from the plaintiff, while they were guests in the St. James Hotel in this city, and of which the defendant was lessee and manager. The plaintiffs who are residents of Canton, in Miss., alleged, that on their arrival in this city, at an early hour in the morning, they took lodging at the said hotel, and that while at breakfast in the hotel, their trunk was broken open, and their jewelry in question stolen out.

The articles alleged to have been stolen were, 1 lady's watch, valued at $125.00. 1 gold chain and tassel, valued at $150.00. 1 amethyst ring set with diamonds, valued at $45.00. 1 diamond, pin opal in center, valued at $100.00. 1 amethyst set, pin and ear ring, valued at $150.00, making a total of $570.00.

They allege that before going to breakfast they had been careful to lock the trunk and fasten the door of their room, and that their loss must be attributable to the carelessness and negligence of the defendant and of his servants and employees.

The defendant in his answer denies the charge of negligence and claims that the alleged loss, if any there was, was occasioned by the omission of proper precaution on the part of plaintiffs themselves, in their not observing the notices and rules prescribed for guests, requiring the deposit of such valuables in the iron safe with which the hotel was provided. They claim that there was in this and in other respects contributory negligence on the part of plaintiffs which must preclude them from recovering in this action.

From a judgment condeming him to pay the plaintiff's demand, the defendant has prosecuted this appeal.

The liability of a landlord as depository under the provisions of the law as it existed prior to the year 1860, as interpreted by numerous decisions of the Supreme Court of this state, was doubtful and a subject for discussion on the point as to what articles or effects were necessary, or to be considered as the usual and customary equipage of a traveler. For instance in

the case of Simon vs. Miller, 7 Ann. 360, it was held, that inn-keepers were responsible only for what is usually and ordinarily in the trunks of travelers, the clothes and the money necessary for their journey. The question or doubt whether a hotel keeper was liable if articles of jewelry, or gold, or silver, or precious stones, were stolen from their guests gave rise to the custom of providing a hotel safe wherein such articles could be deposited by their guest, if the guest so desired, but there was no law requiring such deposit. In 1860, however, an act of the legislature was adopted which will be found in the Code as follows; Article 2968, "Every landlord or keeper of a public inn or hotel, shall be required to provide with an iron chest or other safe deposit for valuable articles belonging to his guests or customers, and each landlord or hotel keeper shall keep posted upon his doors and other public places in his house of entertainment, written or printed notices to his guests and customers that they must leave their valuables with the landlord, agent or clerk, for safe keeping, that he may make safe deposit of the same, in the place provided for that purpose." Article 2969, "Every landlord, hotel or inn keeper, who shall comply with the requirements of the preceding article, shall not be liable for any money, jewelry, watches, plate, or other things made of gold, or silver, or of rare and precious stones, or for other valuable articles of such description as may be contained in small containers, which may be abstracted or lost from any such public inn or hotel, if the same shall not be left with the landlord, his clerk or agent, for deposit, unless such loss shall occur through the fraud or negligence of the landlord, or some clerk or servant employed by him, in such inn or hotel; provided, however, that the provisions of this article shall not apply to a wearing watch or such other articles of jewelry as are ordinarily worn about the person."

These statutory provisions were intended as the title of the original act expressed it for the protection of hotel keepers, but it is very doubtful whether it accomplished the purpose, as it is a fact well known to the traveling public that it is the

exception rather than the rule that guests in a hotel deposit their jewelry in the safe of the hotel.

In this very case the plaintiff states, "I would not any more have thought of having that sack (containing the jewelry) placed there (in the safe of the hotel) than I would have thought of having the trunk placed there." (R.P. 36). Still, the articles of the Code above quoted constitute the law of this case, and it only remains to apply their provisions to the facts disclosed by the evidence.

It is satisfactorily shown that the defendant complied with all the requirements of the law, by providing an iron safe deposit, and had properly posted the notices to guests to leave their valuables with the landlord, etc., and it is not denied as already shown that the plaintiff made no such deposit of their jewelry for safe keeping. The only question therefore under this branch of the case is, whether the plaintiffs are protected by the proviso and conclusion of the last article above quoted, which declares that, "the provisions of this article shall not apply to wearing watch, or such other articles of jewelry as are ordinarily worn about the person" or in other words, whether the articles stolen, are such as guests are not required to deposit in the hotel safe for security, and yet if stolen from them, must be compensated for by the hotel keeper.

The terms of this proviso are very guarded and significant in describing the character of the articles for which guests can make such recovery where the property of the hotel safe is ignored, and at once excludes the idea of any extravagant allowance. If it is a watch, it must be a wearing watch; and the other articles so protected are strictly confined to such as are ordinarily worn about the person. Yet on the other hand the law requires the exercise of some judicial discretion in making the application of this qualified protection. The question which is ordinarily worn about the person cannot reasonably and fairly be answered without taking into consideration somewhat, the circumstances and conditions in life of the wearer, always however, bearing in mind the restricted character of the liability as above stated. This becomes therefore

a mixed question of law and fact. With these considerations in view and after a very careful perusal of the testimony in the record we are unable to say that the articles of jewelry in question were not such as the plaintiffs could and did ordinarily wear about their person. The testimony of the plaintiffs on this subject is full and explicit and uncontradicted. Conceding then that the plaintiffs had brought the case within the terms of this proviso above stated and that the defendant is liable to them because the articles stolen were such as are ordinarily worn about the person, still, the defendant contends, that the plaintiffs are debarred from recovering by their own contributory negligence, and secondly, that if liable the valuation of the articles is excessive. It is contended that the windows of the room in question were left open and should on the contrary have been closed and fastened by the plaintiffs when they went to the breakfast room. The evidence leaves some doubt on the point whether the windows were closed or not at that time, but we do not think they would have been contributorily negligent under the circumstances and facts of this case if the plaintiffs had left the windows open. The room to which the plaintiffs were assigned was on the third floor of the building and from which two windows open on a gallery. It was the latter part of May and the warmth of the weather at that season, as well as the proper ventilation requires that at least one of the windows should be open. The testimony does not show that the room was entered from the windows and the notice posted by the proprietor contained no warning to his guests to close and fasten the windows which opened on the gallery. The caution on the printed notice was "bolt your door to prevent loss", and the evidence shows that the door was locked.

2. On this point the counsel for defendant contends that the valuation of the articles in question "seem to be stated at the utmost for highest limit," and that some allowance should be made for the reduction in value of such jewelry from lapse of time, use, etc.

We are satisfied there was no intention whatever on the

part of the plaintiffs to assert a claim for more than what they considered to be the true value of the articles in question, and we have no doubt they would prefer the restoration of the articles to the payment of the price claimed. But in determining this valuation, and thus measuring the liability of a hotel keeper whose good faith is not in question, but who is sought to be held liable under what is really an exceptional rule, than a general provision of law, there are certain considerations which must not be lost sight of in reaching a just and impartial conclusion.

The fair presumption where an owner is testifying to the valuation of articles under circumstances like the present where the articles are chiefly valuable to him from their association, would seem to be that he would very naturally be influenced by those associations of ownership as well as interest, and rather lose sight of the actual or market value of the articles. On the other hand the peculiar hardship of the defendant is, that from necessity under the circumstances, the case offers no rebutting evidence whatever on this point, as the articles having been stolen cannot be produced for appraisement by the experts. Of the three witnesses who testified to the valuation, two are by no means positive. One of them, the principle plaintiff herself (on page 27) says, "I have bought very little jewelry and would not say positively what they (referring to the articles in question) were worth, but I would suppose that the whole of that jewelry was worth some $500.00 or $600.00. The other witness, Mr. William Handy, says, "I am not versed in the prices of these things much, but I think these are reasonable prices." The third witness, Mr. Charles Handy, one of the plaintiffs, shows that the valuation in the petition is upon the original cost prices of the articles, and that they had mostly been purchased four or five years previously.

It does not appear from the testimony that any allowance was made for depreciation in value which use and the lapse of time, and change of style usually occasions in all such articles of jewelry "as are generally worn about the person."

In touch with the foregoing considerations and in view also of the conclusions stated when considering another branch of the case, that the liability of the defendant as a hotel keeper is exceptional in this case under the proviso to article 2969 of the code, and that the right of the plaintiff to recover is also exceptional and confined to the character of articles defined in that proviso, and that such liability under the terms of this exceptional provision of law are not to be extended by implication but rather restricted, we conclude, after a careful consideration of the testimony without specifying the articles in question separately, that the estimate of valuation as claimed in the petition should be reduced to the sum of $400.00, and that the plaintiffs should have judgment ment in their favor for that amount.

The judgment appealed from will accordingly be amended by reducing the amount to the sum to $400.00 and in all other respects affirmed.

The plaintiffs and appellees paying the cost of this appeal.

Rehearing refused June 6, 1881 by Judge Rogers.